1830.

Miller
v.
McCan.

---

## MILLER vs. McCAN.

Where S. and M. gave a joint and several note for $200, to C., which note was given for the debt of S., and M. signed it merely as his surety, which fact was known to C. when he received the note, and when the note became due C. made an agreement with S. the principal debtor, for the consideration of $25, to extend the payment of the note for one year, which agreement was made without the knowledge or consent of M., and S. before the expiration of the year became insolvent; and C. subsequently brought a suit at law on the note against S. and M. jointly, and the fact of the extension of the payment was known only to S. and C., upon a bill filed by M. against C. stating these facts, and the same being established by the proofs in the cause; *Held*, that S. was not a necessary party to the suit; and that M. was entitled to a decree for a perpetual injunction against the collection of the note from him personally, but without prejudice to the right of C. to proceed to judgment in the suit at law, and to enforce the collection of the judgment against S.; also *Held*, that S. was a competent witness for M. in the suit against C. in the court of chancery.

Where the court of chancery has properly obtained jurisdiction of a suit, for the purpose of a discovery of facts which could not be proved in the suit at law, it may retain the cause and give the necessary relief, although the facts constituting the defence at law are admitted by the defendant's answer, which answer might be read as evidence in the suit at law.

The proper course, where there is a want of necessary parties, is to order the cause to stand over, to enable the complainant to bring the necessary par-

ties before the court; or to dismiss the bill without prejudice, so that his right to bring a new suit, making all proper persons parties thereto, will not be barred by the decree.

An agreement between a creditor and his principal debtor to extend the time of payment of the debt, without the knowledge or consent of the surety, is a discharge of the surety; although the surety has sustained no damage by such extension.

April 2.

THIS was an appeal from a final decree of the vice chanlor of the seventh circuit dismissing the complainant's bill with costs. It was alleged in the bill that in March, 1834, the complainant and A. V. Suydam gave to the defendant a joint and several promissory note, for $200, payable on the second day of May thereafter; that the note was given for a debt due to the defendant from Suydam only, and was signed by the complainant merely as his surety, which facts the defendant well knew at the time he received the note. The complainant further alleged, in his bill, that when the note became due and payable McCan the payee made an agreement with Suydam, the principal debtor, to wait upon him one year longer for the payment of the note, for and in consideration of a premium of $25 which the latter then paid him pursuant to such agreement; which extension of the time of payment was made without the knowledge or consent of the complainant. And that at the expiration of the year the defendant made another agreement to extend the time of payment for a short period, in consideration of a small sum of money and a valice which he then received from Suydam as a consideration for such further extension of payment; pursuant to which said agreements the defendant continued to wait upon Suydam until the latter had failed in business and become insolvent. The complainant also alleged that since the failure of Suydam the defendant had brought a suit at law on the note against him and Suydam jointly. And that the fact of such agreements for the extension of the time of payment was known only to McCan, the payee of the note, and to Suydam the complainant's co-defendant in the suit at law, by reason whereof the complainant would be unable to prove the same in the suit at law. Which extension of the time of payment the complainant insisted was a valid and complete discharge of his

liability, as surety in the note and as one of the makers thereof. The bill waived an answer on oath; and the complainant prayed a perpetual injunction to restrain the proceeding in the suit at law against him, or for such other or further relief as the nature of his case should require.

The defendant put in an answer, without oath, denying the equity of the bill; and insisting among other things, that Suydam was a necessary party to the suit, and that if the facts stated in the bill amounted to any defence to the note they constituted a perfect defence at law. Suydam was examined as a witness for the complainant, though objected to as interested in the event of this suit, and he fully proved all the facts alleged in the bill; which was the only evidence in the cause given by either party. Upon the hearing of the cause on pleadings and proofs, the vice chancellor decided that the complainant should have either made Suydam a party, or should have made his defence in the suit at law. And an absolute and general decree was thereupon entered dismissing the bill with costs; founded upon the following opinion of the vice chancellor.

Mosely, V. C. McCan commenced a suit at law upon a note signed by one Suydam as principal, and the complainant Miller as surety. Complainant alleges that defendant so managed with Suydam, his principal debtor, as that he as surety was legally discharged, but having no witnesses to prove his defence, he filed this bill against defendant alone to have him admit the facts and thus discover the defence, waiving, however, the defendant's oath to his answer; and his bill also prays for general relief in the premises. McCan denied all the facts alleged as a ground of defence. The complainant then improved Suydam as a witness, who testified to the principal facts as set forth in the bill. The defendant insists, in his answer, that the plaintiff's remedy is at law, and that the bill in respect to its relief ought to be dismissed; and further, that Suydam is also a necessary party to this suit, without whom effectual relief cannot be granted to both parties. It appears to me that the objection to the complainant's pursuing his relief in this court is

well founded. When the facts in the case warrant a transfer of the subject matter from a court of law, properly cognizable there, to this court, on the ground of its concurrent jurisdiction, the case should be such as permits an entire transfer ; so that this court may end the controversy, by awarding the justice of the case to the party entitled to it, furnishing him with the means of reaching it. The complainant, however, aware that all the parties are not before the court, which should be for that purpose, asks only for a decree restraining the defendant from going on under the judgment now obtained in the court of law against himself ; but permitting him to issue execution against the separate property of Suydam. This is evidently nothing more than asking the court of chancery to take the paternal care of one of the parties defendant in a suit at law, and committing the other to the judges of the law court ; in other words, to have half of the subject matter in the court of chancery, and the other half in the law court. This would be altogether an unusual proceeding. It is evident that without the presence of the other party, Suydam, in this court, no decree can pass against him for the payment of the sum due to McCan. And though it may appear difficult to provide him a suitable station in the suit, it does not follow that the suit may proceed properly without him. If there is a difficulty attending it, it is apparent that it originates in claiming to have the relief granted here. True there may have been found a difficulty insuperable in the alternative, if the bill had been filed asking for a discovery only, so as when furnished with the evidence to use it at the trial before the jury. The answer would have denied the bill in toto, and the evidence of Suydam of course not obtained, the complainant would have failed ; but this arises from the intrinsic difficulty of the whole case. It shows that the bill was filed not in truth for the purpose of obtaining a discovery, but so to place Suydam that he might be a witness ; and from hence it follows, that either the relief should not have been sought here, or that Suydam should have been made a party, and was an incompetent witness. The long settled practice of entertaining bills of discovery in courts of equity

jurisdiction, to enable a party to obtain from his antagonist evidence in his favour, by searching the conscience of such party, and to be used in another's favour, is misimproved, when used for the purpose of merely so changing the situation of parties in regard to the record, as to make him a competent witness who would not otherwise be one. Such are not the objects which a court of equity keeps in view in the exercise of its paramout jurisdiction. It would indeed be ingenious to make the testimony of Suydam taken under this record the foundation of a decree in favour of the complainant against McCan, the plaintiff in the suit in the other court. But it is anomolous for a court of chancery to say to a court of law, entertaining proceedings against two defendants, your officer shall only execute its process as to one of them; that that court may take care of one of the parties in a suit, and the court of chancery will take care of the other. This would be an incongruous proceeding. I must conclude, therefore, that the bill must be dismissed if not for the want of proper parties, because the relief ought to have been sought elsewhere. And though it might be quite apparent that the complainant will be remediless, such cases must remain so until the legislature make provision for improving parties to the record as witnesses for and against each other more extensively than it has yet done. The bill is dismissed with costs.

*W. T. Worden* and *M. T. Reynolds*, for complainant. The facts stated in the bill, and proved by the witness Suydam, constitute a perfect defence on behalf of Miller to the note in question. (*Huffman* v. *Hulbut*, 13 *Wend.* 375, *and the cases there cited. Sutherland, J.*) Miller being unable to prove the facts at law, has a right to come into this court for relief. (*Legget* v. *Postley*, 2 *Paige's Rep.* 599.) This court has jurisdiction of this case also, upon the ground of fraud. The agreement made between Suydam and McCan, was a fraud upon Miller, the surety. (*Mortlock* v. *Butler*, 10 *Ves.* 306, 7. *Lord Hardwick's letter to Lord Kaimes*, 1 *vol. Life of Lord Kaimes*, 237. *Lower* v. *Hooper*, 3 *Atk.* 378. *Webb* v. *Roke*, 2 *Sch. & Lefr.* 566. 1 *Madd. Ch.*

*Prac.* 254, 5, 6.) Equity is " the correction of that wherein the law, by reason of its universality, is deficient." (1 *Black.* 61, 62.) Miller cannot obtain relief in the suit at law, as he cannot in that suit swear Suydam as a witness; Suydam being a party to the record. Suydam was not a necessary party to this suit. He has no interest in the event of it. (7 *Ves.* 287.) Suydam is a competent witness in this suit for Miller. (8 *Cowen's Rep.* 102. *See also* 5 *Cowen*, 153. 1 *Wendell*, 119. *Lovett & Bowne* v. *Adam*, 3 *Wendell*, 380.) A party to a note is a competent witness to impeach it, or show it void, &c. (*Stafford* v. *Rice*, 5 *Cowen's Rep.* 23. 5 *Id.* 153. 17 *John. Rep.* 176.)

*H. Millerd & I. Williams*, for defendants. Suydam is a necessary party in this suit, as no decree can be made without directly affecting his interests. (3 *John. Ch.* 311. 2 *Paige*, 18. *Id.* 279.) The subject matter of this suit being a joint note executed by two persons, both must be parties. (*Campbell & Carpenter* v. *Western*, 3 *Paige*, 124. *Bailey* v. *Inglee and others*, 2 *Paige*, 278. 1 *Hoff. Ch. Pr.* 497, *n.* *East India Co.* v. *Boddam*, 9 *Ves.* 467. *Poor* v. *Clark*, 2 *Atk.* 515. *Brackenridge* v. *Bullitt*, 3 *Litt. R.* 5.) Suydam is an incompetent witness for the complainant, because he is a joint party to the record in the suit at law, the subject matter of which it is sought to transfer to this court. (3 *Esp. R.* 25. *Stark. pt.* 4, 766, 1061, 3, 4. *Bul. N. P.* 285. 1 *Phil. Ev.* 61, 2. 14 *John.* 119. *Arch. Crim. Pl.* 442. 2 *Campb.* 333, *and note. Peake's Ev.* 154 to 163. *Gilb. Law of Evidence*, 134.) He is equally interested with the complainant in obtaining the decree prayed for, that that suit be perpetually enjoined. And if he stand towards Miller in the relation of a principal to a surety, he would for that reason be an incompetent witness for Miller. (4 *Taunt.* 466. 1 *Ph. Ev.* 49, 50. 11 *John.* 57. 7 *Cranch*, 206. 12 *Wendell*, 406, 596. 4 *Day*, 108. 8 *John.* 487. 3 *Stark. pt.* 4, 1390. 14 *East*, 565.) An objection to the competency of a witness may be made at the hearing. (3 *Paige*, 42.) But *prima facie*, on the note, they both appear as joint makers and beneficial parties therein; and standing in

that relation, a joint contractor or maker *not sued* is an incompetent witness for his co-obligor or co-maker; (*Arch. Crim. Pl.* 437; *Peake's Ev.* 147 *n.*; 2 *Root*, 495 ; 2 *Dunl. Pr.* 639 ; 5 *Bur.* 2727 *:*) and *a fortiori* would be incompetent, if jointly sued, as here. The objection to Suydam as a witness cannot be removed by his own evidence ; it must be done by proof drawn from some other source. (*Peake's Ev.* 190, *note. Hayw.* 290. *Peake*, 192, 3, 4, 5, 6. *Stark.* pt. 4, 755, *n.* 2. 1 *Cox's Rep.* 46.) The complainant has a perfect remedy at law. (*Sailly* v. *Elmore*, 2 *Paige*, 499. *King* v. *Baldwin & Fowler*, 2 *John. Ch. R.* 554.)

The Chancellor. A general decree dismissing the bill was erroneous, even if Suydam was a necessary party; for such a decree is an absolute bar to another suit in which all the proper parties are brought before the court. The proper course, where there is a want of necessary parties, is either to order the cause to stand over, to enable the complainant to bring the necessary parties before the court ; or the bill should be dismissed without prejudice, so that his right to bring a new suit, making all proper persons parties thereto, will not be barred by the decree. (*Van Epps* v. *Van Deusen*, 4 *Paige's Rep.* 64. *Thompson* v. *Clay and others*, 3 *Monro's Rep.* 362.) In the present case, however, I do not see any benefit either party could have from making Suydam a defendant in the suit. The complainant does not state a case entitling himself to any decree against him. He only seeks to restrain the plaintiff in the suit at law from enforcing the payment of the note against himself as surety of Suydam. If he does not prove the allegations in the bill, to entitle him to that relief, his bill must be dismissed of course ; and he would not in that case be entitled to any decree in this suit against Suydam. On the contrary, if he succeeds in obtaining a decree discharging him from his liability as surety, he cannot, in that event, claim any decree against Suydam, even if Suydam is made a party.

If the equitable defence to the note which is set up here, was a defence in which the principal and surety were both interested, as in the case of *Bailey* v. *Inglee*, (2 *Paige's*

*Rep.* 278,) this defendant might properly insist that Suydam should be made a party, for his benefit ; so that he might not be obliged to litigate the same question over again with Suydam, the principal debtor in this court, after he should have succeeded in defeating the suit of the present complainant. But as this was a question in which Suydam stood perfectly indifferent between the parties, he being liable in any event to pay the judgment and costs which might be recovered in the suit on the note, it was wholly immaterial to the holder of the note whether Suydam was or was not made a co-defendant with him in this suit. And whether he was or was not a defendant here, the right of the complainant to examine him as a witness in this suit, against McCan, the present defendant, would be the same. For if a defendant in this court is not interested in favor of the complainant, or if his interest in the question in controversy *is* equally balanced, the fact that he is a party to the suit is no objection to his being examined as a witness against his co-defendant. The extent of the decree to which the complainant is entitled is a perpetual injunction against the collection of this note of the surety personally ; but without prejudice to the defendant's right to continue the suit at law, and to enforce the collection of the judgment, which may be recovered therein, against the property of the principal debtor. And if the preliminary injunction was granted in such a form as to prevent McCan from proceeding to judgment against Miller and Suydam jointly, and from taking out an execution against them to be levied on the property of Suydam only, it was not warranted by the case made by the complainant's bill. That, however, would not justify the court in dismissing the bill for want of parties, at the hearing upon pleadings and proofs, instead of making such a decree in favor of the complainant as his bill and proof warranted. I am satisfied, therefore, that there was no reason for dismissing this bill altogether, on the ground that the principal debtor, who was unquestionably liable, in equity as well as at law, for the payment of the debt, was not made a party to the suit.

It is said by the counsel for the appellant, that an application had been made to the vice-chancellor to suppress the deposition of Suydam on the ground of interest, and that such application was refused ; and that the decision thereon was not appealed from.   If such was the fact, it explains why nothing is said in the opinion of the vice-chancellor, on the final hearing. as to the interest of the witness.   I am satisfied, however, if it were necessary to decide that question at this time, that he was a perfectly competent witness, even without a release ; as his interest between the parties was equally balanced.   If the complainant succeeded in this suit, the witness was left to pay the debt and costs upon the note, to McCan alone.   On the contrary, if the complainant failed in this suit and the money was collected of him, on the execution at law, the principal debtor would be obliged to refund the same sum to him as his surety ; but would not be liable for the costs in this court.

The question then arises, whether upon the facts averred and proved, the complainant was entitled to relief in this court ; for it is evident he had no defence which it was possible for him to have made at law without the aid of this court. It is distinctly averred in the bill, and proved by the witness, that the fact of the making of the agreements with the principal debtor, to extend the time of payment, was known only to McCan and Suydam, who were the parties to the same.  As the former was the plaintiff, and the latter a defendant in the suit at law, neither of them could be examined in that suit as a witness, in favor of the surety, to sustain his defence there ; and without such testimony it was impossible to prevent a recovery against the surety as well as the principal debtor.   Since the decision of the court for the correction of errors, in the case of *Rathbone* v. *Warren,* (10 *John. Rep.* 597,) it can no longer be questioned that such an agreement as took place here, between the creditor and his principal debtor, without the knowledge and consent of the surety, is a discharge of the surety ; even if there is no proof that he has sustained damage by the extension of the credit to the principal debtor.   Here, however, it is averred and proved, that the principal failed and became insolvent during the

time of the extension agreed on. It is therefore a case of much stronger equity in favor of this complainant than the ordinary cases in which it has been held that the surety was discharged by such an agreement with the principal debtor. If the facts averred and proved in this case had been admitted by the defendant, in his answer to a bill for discovery and relief, there could not be any doubt as to the right of this court to go on and make the proper decree for relief here, instead of sending the party back to make his defence in the suit at law ; even if it were not too late after a judgment had been recovered against him in that suit. For where this court has properly obtained jurisdiction of a cause, for the purpose of a discovery of facts which could not be proved in the suit at law, it may retain the cause in this court, and give the necessary relief here ; although, the facts are admitted by the defendant's answer, so that his answer might be read as evidence in the suit at law. In this case, however, the complainant can obtain no relief whatever in the suit at law, as the only witness by whom the facts could be sustained cannot be examined in that suit ; neither can his testimony taken in this cause be used as evidence there. One of the earliest grounds of jurisdiction of the court of chancery was to relieve parties against the injustice which was occasionally produced by the strict application of some of the technical rules of the common law. And the jurisdiction of this court to compel a discovery, in aid of a prosecution or defence at law, is founded upon the fact that, by the strict rules of the common law, a party to the record in the suit at law cannot be compelled by his adversary to prove facts which rest in his own knowledge only, and without which proof palpable injustice would be done to such adversary. Upon the same principle this court, in the recent case of *Norton* v. *Woods*, (5 *Paige's Rep.* 249,) sustained a bill for relief, on the ground that it appeared from the bill that a valid defence existed to the suit at law, but of which the defendant could not avail himself there, because the only witness who knew the facts upon which that defence rested, and who was not interested in the matter in controversy, had been made a party to the suit ; so that he was techni-

 cally excluded from being a witness, in that suit, by the strict rules of the common law. I do not see how that case can be distinguished in principle from the present. Although the witness in that case was made a plaintiff in the suit at law, instead of being a defendant, yet, in neither case had the witness any interest in the question actually in controversy between the other parties so as to prevent his being a witness for either party here.

For these reasons, I think the complainant made out a case for equitable relief against the payment of this note. The vice-chancellor, therefore, instead of dismissing the bill, should have enjoined all proceedings against the complainant, upon the judgment which had been perfected since the commencement of this suit; but with liberty to the defendant to take out his execution and enforce the payment of the debt and costs against Suydam, or his property. The decree appealed from must be reversed, and the proper decree be entered; and the respondent must be charged with the costs, including the costs of this appeal.