RAMSAY and RAMSAY *vs.* HARRIS.

The payee of a note given without consideration to one who has pas-
sed it with a guarantee of payment, is an incompetent witness for
the maker to prove the note usurious in its inception.

*I. A. Verplanck*, for complainants.

*C. Danforth*, for defendant.

THE VICE CHANCELLOR.   This suit should ne-
ver have come before this court, or if here, it would
have been dismissed if there was a demurrer to the
bill, or the defendant had set up in his answer that
the complainants had an adequate remedy at law.
The complainants by their bill show that they lent
their note to Dr. Maxson for his accommodation,
who passed it to the defendant at an usurious rate of
discount—that it was passed by the payee to the de-
fendant at such usurious interest—that the defendant
commenced a suit at law against the complainants
upon such note—but the complainants do not state
any special circumstances to authorise the with-
drawal of the consideration of the matter of this suit
from the jurisdiction of a court of law.   They do not
state that a discovery is wanted—that the testimony
of any witnesses is wanted, who cannot be examined
at law.   It does not appear even from the bill itself,
but what the complainants had a complete defence
at law, if they had any any where.   They could have
called upon the payee as a witness at law, if they

could in this court; and they could have called upon
the plaintiff at law and the defendant in this court, as
a witness to prove the usury alleged, if they had
pleaded properly. Their defence at law was there-
fore complete, under the decision in Perrine vs. Stry-
ker, 7 Paige, 598. But the defendant does not
choose to avail himself of this defence by demurrer,
or by setting it up in his answer. He has gone to
the proofs, and the cause is brought to a hearing
upon pleadings and proofs. Under such a state of
facts the defendant cannot avail himself of the point
made by him, that the complainants have an adequate
remedy at law. In Grandin vs. Le Roy, 2 Paige,
509, the Chancellor says: "After a defendant has
" put in an answer to a bill in Chancery, submitting
" himself to the jurisdiction of the court without ob-
"" jection, it is too late to insist that the complainant
" has a perfect remedy at law, unless this court is
" wholly incompetent to grant the relief sought by
" the bill." This doctrine is fully sustained by the
opinion of the Chancellor when circuit judge, repor-
ted in 4 Cowen, 727. This court is not wholly in-
competent to grant relief in this case, and is not
incompetent to grant the relief sought by the bill.
This objection of the defendant, therefore, cannot be
sustained; and the court will be compelled to look
into the merits of the case. The bill calls for an
answer from the defendant under oath. Such an-
swer is put in. The only evidence offered by the
complainants in support of their bill, is the testimony
of Dr. Maxson, the payee of the note. A motion is
made to suppress the testimony of this witness. To
this motion it is objected that the objection in its full
length, was not taken before the examiner. I find,

however, that it was objected to before the examiner, because he was payee of the note, and because he was interested. His being payee of the note was perhaps no objection. His cross examination shows the nature of his interest; and I am of opinion that the objection was sufficiently taken before the examiner, to enable the defendant to urge it here. It seems to me, also, that the witness was interested in procuring a decree in favor of the complainants. It seems to be conceded that the witness guarantied the note when he passed it to the defendant. This passing constituted the usury, if any; and if the complainants succeed in this suit, it does not follow that the witness is liable to the defendant upon his guarantee. This case is different from that of Miller vs. McCan, 7 Paige, 451. That case was one of postponement of payment without the consent of the surety. The testimony of the principal in that case, only went to the liability of the surety. His liability to either one party or the other, was beyond a question. He was liable to one party or the other. His interest was balanced. In this case, the testimony goes to the validity of the instrument itself; and the witness seems to be interested for the complainants, to destroy the validity of the instrument. His testimony must therefore be suppressed. This disposes of the whole case. The answer of the defendant under oath, and the testimony of the defendant's witnesses, will not sustain the complainant's case, and his bill must be dismissed, with costs to be taxed.