Curia, per

Dunkin, Ch.
It may be. now, considered as well settled that, in cases of this character, whatever may be the rights of the classes of sureties inter se, they are all liable to the distributees of the estate. And this affords a very satisfactory answer to the argument, that the complainant, Glenn, is, concluded by the judgment at law. The suit was preferred at the instance of the distributees. The administration of his principal, Huson, had never been revoked. The Ordinary had no authority to discharge his liability, and his decree cautiously avoids any such inference.
But, as between, the sureties themselves, there is. nothing tp prevent the Court, as was said in Field v. Pelot, when the surety applies for relief, “to require a new security, which, as between the sureties themselves, shall be the primary one, leaving the former only collateral; and this (adds the Court) seems to be the nature of the new surety’s undertaking.”
It. was proposed, however, to prove by Levi Rogers, one of the defendants, and who was a surety on both bonds, that there was a different understanding or agreement among the parties as to their respective habilites. This witness was rejected by the Court as incompetent, and the ruling on this., point constitutes the first ground of appeal, Although, at law, no party to the record is competent to testify, the rule in this Court has always been different; and for obvious reasons. “A suit in Equity often contains many issues, and *154 the general rule compels alt who are interested in any way t0 ma(je parties, either plaintiffs or defendants; it often that a person, who could furnish material evidence respecting one point in dispute, is precluded from doing so by being made a party in consequence of some interest in another point.”
Gresl. Evid. 242.
Paris v Hughe s, l5 Eng. C. C. R. 1; Miller v. McCaw, 7 Paige, 458.
Brown v. Chester, Jac. 577, (4 Eng C. C. R. ) 1 Prince Wins. 595.
To obviate this inconvenience, leave is frequently given, according to the English practice, for a party to be examined on motion, or on a petition filed, suggesting that he is not interested. “ The interest spoken of in the motion, is interest in the matter to be examined to, not interest generally in the cause.” The order is accordingly made, saving all just exceptions, which means, reserving all objections except the single one that he is a party to the cause. In this way, a plaintiff may examine a defendant who is not interestéd, or oa a matter in which he has no interest; and a defendant may examine a co-defendant in like manner. But a plaintiff cannot examine a co-plaintitf as a witness. If he would have his testimony, he must cause his name to be struck out as a pia'ntiü) and make him a defendant. Nor can a defendant be allowed to examine the plaintiff, but must file a bill 0f discovery. Such is the well established doctrine and practice of Westminster Hall, and our own does not differ from it, except that it has not been usual to obtain any special order, or to file a petition for leave to examine a party to the record as a witness. ' But it is always proper that a statement in writing should be submitted as to the points to which it is proposed to examine the party, in order that the Court may distinctly perceive whether he is or is not interested.
In this case, the Court have no difficulty. It was explicit-, ly announced that the purpose was to prove that the parties to the second bond were not to be primarily liable, or were only to be liable in proportion with the parties to the first bond. Rogers was surety on both bonds. But in the first bond, there were two sureties besides himself. In the second bond, Lewis alone was his co-surety. The interest of Rogers was to have as many as he could to share the burthen with him — in other words, to make the first bondsman liable where there were three sureties, or to make the bonds cumulative, when there would be four sureties to divide the loss. It is impossible, therefore, to say that he had no interest in the-matter touching which it was proposed to examine him. His interest was to multiply the number of sureties, to throw the burthen on both bonds rather than on either, and on the first bond rather than the second. It is no answer to say, that YanLew, one of the sureties on the first bond, was not in a pecuniary condition to aid in the discharge of the obligation. Who can affirm that he would never be in a condition *155 to contribute his proportion ? The Court is of opinion that the witness was properly rejected.
The other grounds of appeal have been already sufficiently discussed. It is ordered that the decree be affirmed, and the appeal dismissed.
Johnston and Dargan, CC. concurred.

Appeal dismissed.