**2. SAME—REFUSAL TO OPEN DEFAULT.**
    Laws 1896, c. 748, and Greater New York Charter, § 1367, providing for an appeal from an order opening a default, do not make an order refusing to open one appealable.

Appeal from municipal court of New York.

Action by Dillon Beebe, Jr., against the Nassau Show-Case Company. From an order denying its motion to vacate a default, defendant appeals. Dismissed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frederick W. Mattocks, for appellant.

Henry J. McCormick, for respondent.

PER CURIAM. The defendant moved, upon affidavits excusing its default, to have the judgment entered in the action set aside. The plaintiff opposed the motion upon affidavits, and, if we were authorized to review the question, we should have no hesitancy in agreeing with the disposition of the case made by the court below. The order, however, is not appealable. The practice in these cases is regulated by statute, and there must be statutory authority for an appeal, or no jurisdiction is conferred upon an appellate tribunal to review the same. Jacobs v. Zeltner, 9 Misc. Rep. 455, 30 N. Y. Supp. 238. The defendant is not aided by section 1367 of the Greater New York Charter, or by Laws 1896, c. 748. Therein is provided a right of appeal from an order opening a default, and it is required that such order shall recite the grounds upon which the same was granted. But no authority exists giving the right of appeal from an order which denies a motion to open a default. Under such circumstances the only remedy of the party is by an appeal from the judgment, as provided in section 3064 of the Code of Civil Procedure. Kellock v. Dickinson, 5 App. Div. 515, 39 N. Y. Supp. 38. By virtue of the provisions of section 1367, Greater New York Charter, the article of the Code in which the above section is found is made applicable to appeals from the municipal court. The practice in this respect is correctly set forth in Campbell v. Lumley, 24 Misc. Rep. 196, 52 N. Y. Supp. 684. It follows that the appeal should be dismissed.

Appeal dismissed, with $10 costs and disbursements.

---

(41 App. Div. 182.)

PASSAGE v. DANSVILLE & MT. M. R. CO. et al.

(Supreme Court, Appellate Division, Fourth Department. May 24, 1899.)

COURTS—RECEIVER'S CERTIFICATES—FORECLOSURE.
    A state court will not entertain jurisdiction to foreclose receiver's certificates issued by order of the United States circuit court in a foreclosure proceeding still pending before it. The holder of the certificates must seek his remedy in the court having control of the property and the receiver.

Appeal from special term, Livingston county.

Suit by James F. Passage against the Dansville & Mt. Morris Railroad Company and others. There was a decree for defendants, and plaintiff appeals. Affirmed.

This action is brought to foreclose the lien of certain certificates issued by the receiver of the defendant the Dansville & Mt. Morris Railroad Company pursuant to orders of the circuit court of the United States made in an action then and still pending in that court. Copies of the orders are attached, and treated as a part of the amended complaint. In the decision of the learned justice who presided at the equity term is found the following language: "No proofs were taken on the trial of this action, but all the facts alleged in the amended complaint and averred in the several answers herein were, on the trial, admitted to be true, and, accordingly, such I find to be the facts of this case. It is believed that the action is without precedent, and that there is no adjudicated authority for or against its maintenance; but upon the facts found as above I find and decide that the present action is in derogation of the action and proceedings in the circuit court of the United States above mentioned, is inconsistent therewith, and, if maintained, would defeat pro tanto the object and purposes thereof; and I therefore hold and decide that this action ought not to be maintained, but that the complaint therein should be dismissed, on the merits." An exception was filed to the conclusion of law stated in the decision of the special term.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and SPRING, JJ.

J. M. Hastings, for appellant.

Turner, McClure & Rolston, for respondent Farmers' Loan & Trust Co.

Charles Gibson Bennett, for respondent receiver.

HARDIN, P. J. After the circuit court of the United States had appointed a receiver of the railroad corporation, several applications were made for authority to issue certificates. The certificates were issued in pursuance of the orders given by the circuit court of the United States, and indorsed upon the several certificates was the language of the order authorizing their issuance. It must, therefore, be assumed that each holder of a certificate or certificates had notice of the authority of the receiver to issue the same, and of the court having jurisdiction in the premises of the property sought to be bound by the certificates so issued by the receiver. In the order of June 8, 1894, appointing the receiver, the circuit court of the United States for the Northern district of New York inserted a provision that "generally all and every person or persons claiming under, by, or through the defendant, or in any other way, are hereby enjoined and restrained from interfering with, or in any way disposing of, the said property of the defendant herein, except to turn over, transfer, and convey the same to the said receiver." That order seems to remain in force and virtue. October 31, 1891, the defendant railroad had issued its first mortgage bonds in the sum of $150,000, and to secure the payment of the same had executed to the Farmers' Loan & Trust Company, as trustee, a certain mortgage in the usual form. On July 19, 1894, upon the application of the receiver, an order was made authorizing him to issue and sell certificates to the amount of $6,000, and to apply the proceeds as directed in the order made by the circuit court. The receiver issued certificates to the amount of nearly $6,000,

and one of them was issued to the plaintiff for past-due wages as an employé, and he also acquired another. On July 5th the receiver made another application to the circuit court of the United States for leave to issue certificates, and a second order was made authorizing a second issue of the certificates to the amount of $15,000. The receiver has not funds in his hands with which to pay the principal due on the certificates, although he has paid interest thereon to a considerable extent. The receiver has never received any commissions for his services, and there has been no settlement of his accounts had or taken by or before the court appointing him, or in any other manner. There seem to be outstanding debts against the railroad for some $225,000. The plaintiff and some other owners of the certificates seek to enforce the liens created by the certificates in this action, and in the complaint pray to have the property sold, to the end that the several certificates that have been issued may be satisfied.

In the orders made by the circuit court of the United States is found the following language:

"Each and all of such certificates so to be issued pursuant to this order by the said receiver, with interest thereon until paid in full, to be a lien and charge on all the property of the defendant the Dansville and Mount Morris Railroad Company in the possession of the receiver prior to the lien of the mortgage executed to the Farmers' Loan and Trust Company, dated November 1, 1891, and mentioned in the bill of complaint herein, and prior to the lien of any judgment now of record against the defendant; and that in the final order or decree to be made herein before the discharge of the receiver provision is to be made for the payment of any such certificates that may be outstanding."

It seems that when the persons took the certificates so issued by the receiver they consented to the terms and tenor of the orders under which they were issued.

In Turner v. Railroad Co., 95 Ill. 134, is found the following language:

"All persons dealing in such securities must know that payment can only be coerced by application to the court having the control of the trust property for an order upon its acting officer."

Impliedly the parties who received the certificates assented to the provisions of the orders, and to the mode of enforcement of payment of the certificates mentioned in the orders. The right of a court having possession of an insolvent corporation's property to issue certificates and to declare the liens thereof precedent to the existing liens has been asserted after considerable conflict in the courts, and is now maintained in the federal courts (Miltenberger v. Railroad Co., 106 U. S. 288, 1 Sup. Ct. 140; Union Trust Co. v. Illinois M. Ry. Co., 117 U. S. 434, 6 Sup. Ct. 809); and it has been recognized by the court of appeals in this state (Raht v. Attrill, 106 N. Y. 423, 13 N. E. 282). The circuit court of the United States, having taken possession of the property, holds the same subject to its final directions and administration in respect thereto, and in making sale and realizing the proceeds thereof that court has plenary power to distribute the funds arising from such sale, and that power ought not to be interfered with at the instance of certificate holders who have taken their certificates subject to such administration.

In Buck v. Colbath, 3 Wall. 341, it is said that:

"Whenever property has been seized by an officer of the court by virtue of its process, the property is to be considered as in the custody of the court and under its control for the time being, and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises.  *   *   *   A departure from this rule would lead to the utmost confusion, and to endless strife between courts of concurrent jurisdiction deriving their powers from the same source.  But how much more disastrous would be the consequences of such a course in the conflict of jurisdiction between courts whose powers are derived from entirely different sources, while their jurisdiction is concurrent as to the parties and the subject-matter of the suit!"

In 12 Am. & Eng. Enc. Law, p. 292, it is said:

"Where two courts have concurrent jurisdiction, whichever court first acquires jurisdiction of a cause will retain it throughout, if able to determine the whole controversy."

In a note at page 293 it is said:

"The rule that among courts of concurrent jurisdiction that one which first obtains jurisdiction of a case has the exclusive right to decide every. question arising in the case is subject to some limitations."  .

The general powers of a court of equity were asserted in Kershaw v. Thompson, 4 Johns. Ch. 609, and it was said that the court has power "to apply the remedy in the case co-extensive with its jurisdiction over the subject-matter."   A similar doctrine was asserted in Miller v. McCan, 7 Paige, 451.

In Ober v. Gallagher, 93 U. S. 199, it was held:

"A court which has acquired rightful jurisdiction of the parties and subject-matter will retain it for all purposes within the general scope of the equities to be enforced."

The expenses of the administration are to be considered when application is made for the settlement of the receiver's accounts and for the distribution of the fund which arises by reason of the sale of the property which the court has committed to his possession.

In Raht v. Attrill, 106 N. Y. 434, 13 N. E. 282, it was said:

"The act of the court in taking charge of property through a receiver is attended with certain necessary expenses of its care and custody, and it has become the settled rule that expenses of realization, and also certain expenses which are called 'expenses of preservation,' may be incurred under the order of the court on the credit of the property; and it follows, from necessity, in order to the effectual administration of the trust assumed by the court, that these expenses should be paid out of the income, or, when necessary, out of the corpus of the property before distribution, or before the court passes over the property to those adjudged to be. entitled."

We have found nothing in the multitudinous facts stated in the complaint and in the answer, which were admitted at the trial, which warrants us in reaching a conclusion that the circuit court of the United States has not ample authority to administer upon the property which it has passed into the hands of the receiver, and to distribute it in accordance with the principles of equity which will govern that court at the time of the final distribution of the fund arising from · any sale of the property which shall be made by the receiver in virtue of the instructions and directions of that court; and we see no occasion for this state court to take possession of the property by means of another receiver with a view of enforcing the rights of the

several certificate holders. That court has jurisdiction of the subject-matter of the action and of all the lienors, including those that did assent to the issuance of the certificates as well as those who did not assent. We therefore see no occasion for granting that part of the prayer of the plaintiff's complaint which is to the effect that the property "be sold under the direction of this court, and the proceeds of such sale applied to the payment of the receiver's certificates hereinbefore described." If the plaintiff and the other certificate holders are entitled to be paid according to the theory of the plaintiff, the presumption is that the circuit court of the United States, when it finally distributes the funds that come from the property it has placed in the hands of its receiver, will so adjudge. The plaintiff and the other certificate holders should therefore seek their remedies through the action of the circuit court of the United States, as that court has possession of the property, by its receiver, sought to be reached by the plaintiff as a certificate holder. We think the conclusion of the special term should be sustained.

Judgment affirmed, with costs. All concur.